UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENZEL R. DORSEY,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>WILLIAM REUBART, *et al.*<br><br>　　　　　　　　　Respondents. | Case No. 3:22-cv-00508-ART-CSD<br><br>**Order Serving Petition** |

　　　Denzel R. Dorsey has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 and has now paid the filing fee. (ECF Nos. 1-1, 4.) Having completed a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court directs the Clerk of Court to docket it and serve it on respondents.

　　　A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

　　　**IT IS THEREFORE ORDERED** that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition [ECF No. 1-1] on the respondents; and
- ADD Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that respondents file a response to the petition within **90 days of service of the petition. Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules.

If respondents file a response to the petition, they must comply with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case should be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

2. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural

defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state-court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by exhibit number. Each exhibit must be filed as a separate attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

DATED THIS 24th day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE