1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENZEL R. DORSEY,

                                        Petitioner,

        v.

WILLIAM REUBART, *et al.*

                                        Respondents.

Case No. 3:22-cv-00508-ART-CSD

ORDER REGARDING APPOINTMENT
OF COUNSEL

*Pro se* Petitioner Denzel R. Dorsey has filed a 28 U.S.C. § 2254 habeas corpus petition. (ECF No. 6.) For the reasons discussed below, the Court *sua sponte* raises the issue of counsel.

**I.    Background**

In March 2018 Dorsey pleaded guilty to home invasion in Eighth Judicial District Court (Clark County). (ECF No. 11-12, Exh. 12.) Dorsey pleaded guilty to breaking into the window or door of the victim's Las Vegas home, reaching in and unlocking the deadbolt. He fled when the victim re-locked the deadbolt from inside. Three months later Dorsey sought to withdraw his plea *pro se*; he then retained counsel who filed another motion to withdraw guilty plea in February 2019. (ECF No. 11-17, Exh. 17; ECF No. 11-23, Exh. 23.) The state district court held an evidentiary hearing and denied the motion. (ECF No. 11-28, Exh. 28; ECF No. 11-31, Exh. 31.) The court sentenced him to a term of 60 to 150 months. (ECF No. 11-37, Exh. 37.) Judgment of conviction was entered on October 9, 2019. (*Id.*)

The Nevada Court of Appeals affirmed Dorsey's convictions in January 2021, and affirmed the denial of his state postconviction habeas corpus petition in April 2022. (ECF No. 12-13, Exh. 63; ECF No. 12-36, Exh. 86.) Dorsey dispatched his federal habeas petition for mailing in October 2022. (ECF No. 6.)

Respondents have moved to dismiss several claims in the petition as barred under *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), unexhausted, or noncognizable in federal habeas corpus. (ECF No. 10). Dorsey opposed, and Respondents filed a reply. (ECF Nos. 16, 17.)

## II.   Discussion

It appears that counsel may be helpful in this case. The Criminal Justice Act authorizes the court to appoint counsel "when the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although this Court finds that the appointment of counsel is in the interests of justice, including because Dorsey asserts that he is actually innocent, this Court is cognizant of the fact that Dorsey has not moved for the appointment of counsel. He has also filed a *pro se* opposition to Respondents' motion to dismiss that sets forth his arguments in a clear manner. This Court gives Dorsey 30 days to file a motion for the appointment of counsel. If Dorsey desires that counsel be appointed, he must file a complete *in forma pauperis* ("IFP") application to show that he cannot afford counsel to litigate this case. If Dorsey does not file such a motion within 30 days, the court will not appoint counsel and will adjudicate the fully-briefed motion to dismiss.

## III. Conclusion

It is therefore ordered that Petitioner file a motion for the appointment of counsel within 30 days if he desires that counsel be appointed to represent him.

It is further ordered that prior to the appointment of counsel, if Petitioner desires the appointment of counsel, he must file an application for leave to proceed IFP, accompanied by a signed financial certificate and a statement of his inmate account.

The Clerk of the Court is directed to send Petitioner a blank application form for incarcerated litigants.

If Petitioner does not file a motion for the appointment of counsel within 30 days, the Court will not appoint counsel for Dorsey and will issue a decision on the motion to dismiss.

Dated this 20th day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE