UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENZEL R. DORSEY,<br><br>　　　　　　　　　　　Petitioner,<br>v.<br>WILLIAM REUBART, *et al.*<br><br>　　　　　　　　　　　Respondents. | Case No. 3:22-cv-00508-ART-CSD<br><br>Order Dismissing Petition, Denying Certificate of Appealability, and Closing Case |

*Pro se* Petitioner Denzel R. Dorsey has filed a 28 U.S.C. § 2254 habeas corpus petition. (ECF No. 6.) On December 20, 2023, this Court gave Dorsey 30 days to file a motion for the appointment of counsel as well as an application to proceed *in forma pauperis* ("IFP"). (ECF No. 18.) That order was served on Dorsey at his address of record but was returned as undeliverable with the notation that Dorsey was no longer at Ely State Prison.[1] (*See* ECF No. 19.) The Local Rules require a party to immediately file written notification of change of address. LR IA 3-1. The Court therefore dismisses this action without prejudice for failure to update address.

　Respondents have filed a motion to dismiss, which is now moot. (ECF No. 10.) They have also filed a motion for leave to file two exhibits under seal. (ECF No. 13.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons"

---

[1] The Nevada Department of Corrections website reflects that Dorsey has been paroled. (https://ofdsearch.doc.nv.gov/form.php, last visited February 20, 2024.)

1

exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Respondents ask to file Dorsey's presentence investigation report ("PSI") and supplemental PSI under seal. The PSI is confidential under state law and contains sensitive information such as Dorsey's identifiers and social security numbers. The Court concludes that Respondents have demonstrated compelling reasons to file the PSI under seal. Accordingly, the Court grants the motion, and the exhibits will remain under seal.

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that Respondents' motion to dismiss (ECF No. 10) is denied as moot.

It is further ordered that Respondents' motion for leave to file exhibits under seal (ECF No. 13) is granted.

It is further ordered that a certificate of appealability will not issue.

The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 28th day of February 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE